UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 9, 2022

LETTER TO ALL COUNSEL OF RECORD

Re: *William B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2350-BAH

Dear Counsel:

On September 15, 2021, Plaintiff William B. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's alternative motion for remand. ECF 14; ECF 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motions, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on September 3, 2015, alleging a disability onset of June 1, 2011. Tr. 390. Plaintiff's claim was denied initially and on reconsideration. Tr. 220–24. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 228. That hearing was held on May 16, 2019. Tr. 95–130.[1] Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 182–213. Plaintiff then asked the Appeals Council to review the ALJ's decision. Tr. 332. The Appeals Council granted Plaintiff's request for review on September 24, 2019. Tr. 338–39. On June 24, 2020, the Appeals Council sent Plaintiff's case back to the ALJ to consider additional medical records. Tr. 214–19. October 7, 2020, an ALJ held another hearing. Tr. 46-88. Following the hearing, on November 13, 2020, the ALJ again determined that Plaintiff was not disabled within the relevant time frame. Tr. 18–45. Accordingly, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] A prior hearing was convened on August 22, 2018, but promptly postponed to afford Plaintiff the opportunity to secure counsel. Tr. 136–40.

[2] 42 U.S.C. §§ 301 et seq.

Case 1:21-cv-02350-BAH   Document 23   Filed 09/09/22   Page 2 of 6

*William B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2350-BAH
September 9, 2022
Page 2

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 3, 2015. Tr. 23. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes, peripheral neuropathy, obesity, a gastrointestinal disorder, status post gunshot wounds to the right leg and lung, status post right lung resection, bilateral ulnar neuropathy, carpal tunnel syndrome, chronic pancreatitis and an alcohol use disorder (20 CFR 416.920(c))." Tr. 23–24. The ALJ also determined that Plaintiff suffered from additional non-severe impairments. Tr. 24–26. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. . . ." Tr. 26. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can stand and walk for two hours and sit for six hours in an eight-hour day. The claimant can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling and climbing (except never requires the use of ladders, ropes and scaffolds). The claimant can occasional (sic) perform repetitive controls with the right lower extremity. The claimant can perform frequent handling and fingering bilaterally.

Tr. 28. The ALJ then determined that Plaintiff has no past relevant work. Tr. 32. However, the ALJ determined that Plaintiff could perform other jobs that existed in significant numbers in the national economy "such as call out operator (DOT[3] Code 237.367-014) with 41,000 job[s]

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the*

*William B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2350-BAH
September 9, 2022
Page 3

nationally, a telephone order clerk (DOT Code 209.567-014) with 105,000 jobs nationally and a document preparer (DOT Code 249.587-018) with 19,000 jobs nationally." Tr. 33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 34.

### III. LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

### IV. ANALYSIS

Plaintiff raises one argument on appeal, specifically that the ALJ failed to give the proper weight to opinion of Plaintiff's treating physician, Dr. Elizabeth Hamilton. ECF 14-1, at 8. Defendant counters that that the ALJ evaluated Dr. Hamilton's opinions correctly or, in the alternative, that any error is harmless. ECF 22-1, at 7.

Prior to a change in the regulations affecting cases filed after March 17, 2017,[4] all medical evidence was to be weighed by an ALJ in accordance with 20 C.F.R. § 416.927(c)(2). This section lays out two rules an ALJ must follow when evaluating a medical opinion from a treating physician.

First, an ALJ must follow the "treating physician rule," which mandates that the medical opinion of a treating physician is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). "[T]he treating physician rule is a robust one: '[T]he opinion of a claimant's treating physician [must] be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 107 (4th Cir. 2020) (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)).

Second, under those circumstances where a physician's opinion is not entitled to

---

*Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[4] The "Treating Physician Rule" was amended effective March 27, 2017, for claims filed after that date. *See* C.F.R. § 416.920c. After that date, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency. 20 C.F.R. § 416.920c(a), (c)(1)–(2). However, Plaintiff's claim was filed before March 17, 2017, so the ALJ's decision is reviewed under the "old" regulation, 20 C.F.R. § 416.927.

*William B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2350-BAH
September 9, 2022
Page 4

controlling weight under the treating physician rule, an ALJ must consider each of the following factors to determine the weight the opinion should be afforded: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship"; (3) "[s]upportability," i.e., the extent to which the treating physician "presents relevant evidence to support [the] medical opinion"; (4) "[c]onsistency," i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to "issues related to his or her area of specialty"; and (6) any other factors raised by the parties "which tend to support or contradict the medical opinion." *Dowling v. Comm'r of Soc. Sec. Admin.,* 986 F.3d 377, 381 (4th Cir. 2021) (citing to the identical requirements applicable to Disability Insurance Benefits found in 20 C.F.R. § 404.1527(c)(2)(i)–(6)).

As a threshold matter, Defendant appears to argue that Dr. Hamilton is not a "treating source" within the meaning of 20 C.F.R. § 416.927. ECF 22-1, at 8 ("From the records, it does not appear Dr. Hamilton was even treating Plaintiff when she provided the second opinion."). The Court disagrees. Under the regulation governing Plaintiff's claim, a "treating source":

> means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

20 C.F.R. § 416.902 (effective June 13, 2011, to March 27, 2017).

The record reflects that Dr. Hamilton provided Plaintiff "with medical treatment or evaluation" and "had an ongoing treatment relationship with [Plaintiff]." *Id.* Specifically, Dr. Hamilton treated Plaintiff since at least December of 2016 through September of 2019. Tr. 746–58 (Ex. 10F); Tr. 5288–322 (Ex. 110F). Defendant concedes that Dr. Hamilton "saw Plaintiff 11 times" over the course of nearly two years. ECF 22-1, at 7. Defendant fails to explain why this frequency is not "consistent with accepted medical practice for the type of treatment." 20 C.F.R. § 416.902 (effective June 13, 2011, to March 27, 2017). Most importantly, the record makes clear that Dr. Hamilton was not "solely" retained based on a "need to obtain a report in support of [Plaintiff's] claim for disability." *Id.* To the contrary, Dr. Hamilton's records reflect that Plaintiff visited Dr. Hamilton for treatment and follow-up care. Tr. 759. As such, the Court will evaluate

Case 1:21-cv-02350-BAH   Document 23   Filed 09/09/22   Page 5 of 6

*William B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2350-BAH
September 9, 2022
Page 5

Plaintiff's argument that the "ALJ erred as a matter of law by giving little weight to the opinion of [Plaintiff]'s treating physician, Dr. Hamilton in violation of 20 C.F.R. § 416.927." ECF 14-1, at 8.

Though Plaintiff ostensibly contests the ALJ's decision not to afford Dr. Hamilton's opinion "controlling weight," the bulk of Plaintiff's argument alleges error at 20 C.F.R. § 416.927(c)(2)'s second step. *See* ECF 14-1, at 8 ("The ALJ erred as a matter of law because he failed to accord *proper weight* to the opinion of [Plaintiff]'s treating physician, Dr. Elizabeth Hamilton.") (emphasis added). Plaintiff first alleges error because the ALJ "did not go through all of the factors [listed in 20 C.F.R. § 416.927(c)(2)(i)–(6)]." *Id.* at 9. However, the failure to recite all of the § 416.927(c)(2) factors does not necessarily constitute error. "While an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion." *Dowling*, 986 F.3d at 384.

Here, the ALJ's decision makes clear that the ALJ meaningfully considered each of the required factors before deciding what weight to give to Dr. Hamilton's opinions. Though the ALJ did not specifically mention the "length of the treatment relationship" between Plaintiff and Dr. Hamilton, ECF 14-1, at 9, the ALJ extensively cited to all of Dr. Hamilton's examinations and treatment records thus "meaningfully considering" this factor. Tr. 24–31 (citing Exhibits 10F, 11F, 16F, 106F, 109F). Similarly, though the ALJ did not explicitly mention the "nature and extent of the treatment relationship" between Plaintiff and Dr. Hamilton, ECF 14-1, at 9, the ALJ reviewed and cited to Dr. Hamilton's records, which appear to capture the entirety of Dr. Hamilton's care. Tr. 24–31 (citing Exhibits 10F, 11F, 16F, 106F, 109F).

Plaintiff acknowledges that the ALJ "did consider whether [Dr. Hamilton's] opinion was consistent with the record," ECF 14-1, at 9, essentially conceding that the ALJ explicitly weighed the remainder of 20 C.F.R. § 416.927(c)(2)(i)–(6) factors. Instead, Plaintiff disputes *how* the ALJ evaluated the evidence. This request plainly exceeds the scope of this Court's review. *Craig*, 76 F.3d at 589 ("In reviewing for substantial evidence, [the Court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."). For example, Plaintiff alleges that the ALJ misstated the record by finding that Dr. Hamilton's opinion "is inconsistent with the finding of [other treatment providers and examiners]." ECF 14-1, at 9–10. This is precisely the practice forbidden by "substantial evidence" review. *See Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987)) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ).").

Plaintiff then goes so far as to ask the Court to "doubt the veracity" of a particular statement purportedly made by a health care examiner and relied upon by the ALJ. ECF 14-1, at 11 ("While technically true, there are reasons to doubt the veracity of [the examiner's] September 2016 note."). Plaintiff also asks the Court to re-visit the ALJ's evaluation of evidence. *Id.* ("At best [the examiner] did a cursory exam and at worst she simply copy-pasted that portion of the note with little to no changes from one appointment to the next."). As another judge of this Court has aptly

Case 1:21-cv-02350-BAH   Document 23   Filed 09/09/22   Page 6 of 6

*William B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2350-BAH
September 9, 2022
Page 6

noted, "[u]ltimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied." *Cynthia J. v. Saul*, No. CV DLB-19-909, 2020 WL 2797465, at *5 (D. Md. May 29, 2020) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). "Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ." *Id.* (citation omitted). The Court is therefore forbidden from evaluating the credibility of witnesses as Plaintiff urges the Court to do. *See Tucker v. Kijakazi*, No. 5:21-CV-00148, 2021 WL 6055261, at *10 (S.D. W. Va. Nov. 10, 2021), report and recommendation adopted, No. 5:21-CV-00148, 2021 WL 6051182 (S.D. W. Va. Dec. 21, 2021) ("Although Claimant advocates for an alternate decision, such are matters that involve resolving the conflicting evidence of record, which is an evidentiary finding within the purview of the ALJ."). Accordingly, regardless of whether I would have reached the same decision myself, I am constrained to find that the ALJ's decision is supported by substantial evidence.

## V.      CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is DENIED and Defendant's motion for summary judgment, ECF 22, is GRANTED. Plaintiff's alternative motion for remand, ECF 14, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge